FILED

AUG 20 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

TUQIANG XIE,
    also known as "Tony Xie"

Case No.: **19 CR 664**

Violations: Title 22, United States Code, Section 2778(c), and Title 26, United States Code, Section 7206(1)

JUDGE NORGLE
MAGISTRATE JUDGE HARJANI

### COUNT ONE

The UNITED STATES ATTORNEY charges:

1. At times material to this information:

    a. In furtherance of the foreign policy and security of the United States, the Arms Export Control Act, Title 22, United States Code, Section 2778, authorized the President of the United States to control the export and import of "defense articles."

*The Export of Defense Articles*

    b. Pursuant to the authority granted in the Arms Export Control Act, the United States Department of State, Directorate of Defense Trade Controls, promulgated the International Traffic in Arms Regulations, Title 22, Code of Federal Regulations, Parts 120-130, which governed the export of defense articles. The International Traffic in Arms Regulations contained the United States Munitions List, Title 22, Code of Federal Regulations, Section 121.1, which designated items that were defense articles.

    c. Once an item was designated as a defense article on the United States Munitions List, any person seeking to export that item from the United States

was required to obtain a license or written approval to do so from the Directorate of Defense Trade Controls.

    d.  For purposes of the International Traffic in Arms Regulations:

      i.  The definition of "defense articles" included any item and technical data contained within the United States Munitions List.

      ii.  The definition of "export" included: (1) sending and taking defense articles out of the United States in any manner, except by mere travel outside of the United States by a person whose personal knowledge includes technical data; and (2) the disclosure and transfer of technical data to a foreign person, whether in the United States or abroad.

*The Import of Defense Articles*

    e.  Under the International Traffic in Arms Regulations, the permanent import of defense articles was regulated by the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives under the direction of the Attorney General.

    f.  The Bureau of Alcohol, Tobacco, Firearms and Explosives promulgated regulations, Title 27, Code of Federal Regulations, Part 447, which governed the import of defense articles and contained the United States Munitions Import List, Title 27, Code of Federal Regulations, Sections 447.21 and 447.22. The United States Munitions Import List designated items that were defense articles for purposes of the import regulations.

  g. Once an item was designated as a defense article on the United States Munitions Import List, any person seeking to permanently import that item into the United States was required to obtain a permit to do so from the Bureau of Alcohol, Tobacco, Firearms and Explosives.

  h. For purposes of the import regulations:

    i. The definition of "defense articles" included any item and technical data contained within the United States Munitions Import List.

    ii. "Import" or "importation" included bringing any of the articles on the United States Munitions Import List into the United States from a foreign country, except for transactions involving items in transit or temporarily imported or exported.

  i. Any person engaged in the United States in the business of manufacturing or exporting defense articles, or importing defense articles, or brokering activities with respect to the manufacture, export, import, or transfer of any foreign defense article or defense service, was required to register with the Directorate of Defense Trade Controls or the Bureau of Alcohol, Tobacco, Firearms and Explosives, respectively. Registration, standing alone, did not confer a right to export or import defense articles.

  j. It was the policy of the United States to deny licenses, permits, and other approvals for exports and imports of defense articles destined for or originating in certain countries. This policy applied to countries with respect to which the United States maintained an arms embargo.

k. The United States maintained an arms embargo with respect to the People's Republic of China.

2. Beginning no later than August 4, 2014, and continuing until at least February 20, 2015, in the Central District of California, and elsewhere,

TUQIANG XIE,
also known as "Tony Xie,"

defendant herein, did knowingly and willfully engage in the business of brokering activities involving the People's Republic of China in negotiating and arranging purchases, sales, transfers, export, and import of a defense article, namely an eyepiece assembly, National Stock Number 1240-01-063-1352, without first registering with, and obtaining a license or written approval from, the United States Department of State, Directorate of Defense Trade Controls or the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives, in violation of Title 22, United States Code, Section 2778(c), Title 22, Code of Federal Regulations, Sections 121.1, 122.1, 127.1(a)(1), 129.1(a), 129.2, 129.3(a), 129.5(c), and Title 27, Code of Federal Regulations, Sections 447.21, 447.31, 447.41, and 447.61.

## COUNT TWO

THE UNITED STATES ATTORNEY further charges:

1. At times material to this information:

    a. Defendant TUQIANG XIE, also known as "Tony Xie," was the owner and operator of Biomedical-Optics LLC.

    b. Biomedical-Optics LLC was a California limited liability company that, among other things, imported defense articles, including optical and other components, from manufacturers in the People's Republic of China on behalf of clients in the United States.

2. On or about April 3, 2014, in the Central District of California and elsewhere,

TUQIANG XIE,
also known as "Tony Xie,",

a resident of Irvine, California, did willfully make and subscribe a 2013 U.S. Income Tax Return for an S Corporation, Form 1020S, which was verified by a written declaration that it was made under the penalties of perjury and which defendant did not believe to be true and correct as to every material matter. That 2013 U.S. Income Tax Return for an S Corporation, Form 1120S, which was filed with the Director, Internal Revenue Service Center, falsely reported on line 1a the "[g]ross receipts or sales" of Biomedical-Optics, LLC in the amount of $568,463, whereas, he then and there knew Biomedical-

Optics, LLC had actually received $785,085 in gross receipts and sales in calendar year 2013. Due to this and other false entries on the U.S. Income Tax Return for an S Corporation, Form 1120S, defendant caused a tax loss of $3,640.

In violation of Title 26, United States Code, Section 7206(1).

## FORFEITURE ALLEGATION

The UNITED STATES ATTORNEY alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Section 2778, as set forth in this information, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 27, Code of Federal Regulations, Section 447.63.

2. The property to be forfeited includes, but is not limited to, a personal money judgment in the amount of approximately $200,027.

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).

_____
UNITED STATES ATTORNEY