UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19 CR 664 |
| | ) | Judge Charles R. Norgle |
| TUQIANG XIE, | ) | |
| also known as "Tony Xie", | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SUPPLEMENTAL FINANCIAL INFORMATION
& REPLY TO THE GOVERNMENT'S SENTENCING MEMO**

Defendant, **TUQIANG XIE**, by and through his Attorney, **THOMAS ANTHONY DURKIN**, respectfully submits the following supplemental financial information to the PSR prepared on January 23, 2020, and his previously filed Sentencing Memorandum filed October 25, 2021 (Dkt. # 32); and in partial response to the Government's Sentencing Memorandum filed March 25, 2022 (Dkt. # 38).

**I. SUPPLEMENTAL FINANCIAL INFORMATION**

The January 2020 conclusion in PSR ¶ 76 that Defendant could pay a lump sum payment towards a fine is no longer correct in light of changed circumstances due primarily to COVID and Defendant's torturous ordeal in being quarantined in China in the early stages of the pandemic. The two HSBC commercial savings and checking accounts referred to on page 14, ¶ 75 of the PSR were closed on May 28, 2021, as the funds were depleted. The other accounts were also used for living and business expenses during COVID, leaving a total current balance of approximately $2,500.00. The $10,000.00 certificate of deposit at Cathay Bank was also depleted. Thus, there is no longer any cash on hand to satisfy the financial obligations. That does not mean that Defendant is incapable of paying a fine, nor are he and his wife incapable of

paying the personal money judgement of $200,027.00 called for in the plea agreement. However, this would not be possible should Defendant be incarcerated. If Defendant is incarcerated, his wife would lose his income; and, therefore, remain in need of the monthly rental income from the two rental properties. If Defendant is not incarcerated, he and his wife would be in a position either to sell or refinance the rental properties to satisfy those financial obligations.[1] This change in circumstance since the time of the PSR and the devastating effects of COVID on Defendant and his wife, further supports counsel's earlier request for a non-custodial sentence.

## II. REPLY TO GOVERNMENT'S SENTENCING MEMO

The government, acknowledging the need to avoid unwarranted sentencing disparities, correctly and fairly points out the sentence of 8 months for Bharat Verma and the non-custodial four years' probation for Urvashi Verma. (Dkt. # 38, pp. 13-14) As such, particularly in light of Mr. Xie's relative role in the offense, his documentable health problems, his COVID nightmare under the lengthy quarantine in China in the early stages of the COVID pandemic that bordered on incarceration, and the above referenced ability to pay his financial obligations if Defendant can continue to work, it is respectfully submitted that a non-custodial sentence is appropriate under all the facts of this case. Such a sentence would be consistent with avoiding unwanted disparities; and would also be sufficient, but not greater than necessary, to comply with the purposes of federal sentencing set forth in 18 U.S.C. § 3553(a).

---

[1] It should be noted as well that the two most valuable real properties, the family residence on Espina and the rental property on Carlina are titled as "Community Property with Right of Survivorship." Thus, under California law counsel believe those properties would be beyond the reach of the government without the consent of Defendant's wife. The Coli Way property is in titled as "Husband and wife as joint tenants." Undersigned counsel does not know whether that property would be severable under California law.

Respectfully Submitted,


<u>/s/ Thomas Anthony Durkin</u>
**THOMAS ANTHONY DURKIN**


**DURKIN & ROBERTS**
The Rookery Building
209 S. LaSalle St., Suite 950
Chicago, IL 60604
(312) 981-0123
tdurkin@durkinroberts.com

3

**CERTIFICATE OF SERVICE**

      I, Thomas Anthony Durkin, Attorney at Law, hereby certify that on the foregoing Defendant's Clarifications to the Presentence Investigation Report; and Position Paper and Commentary on Sentencing Factors was served on March 29, 2022, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                                               /s/ Thomas Anthony Durkin
                                               **THOMAS ANTHONY DURKIN**

**DURKIN & ROBERTS**
The Rookery Building
209 S. LaSalle St., Suite 950
Chicago, IL 60604
(312) 913-9300
tdurkin@durkinroberts.com